No. 99-766

# In the Supreme Court of the United States

CONSOLIDATED EDISON COMPANY OF NEW YORK, ET AL., PETITIONERS

*v.*

UNITED STATES DEPARTMENT OF ENERGY, ET AL.

*ON PETITION FOR A WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT*

## BRIEF FOR THE RESPONDENTS IN OPPOSITION

SETH P. WAXMAN
*Solicitor General*
*Counsel of Record*

LOIS J. SCHIFFER
*Assistant Attorney General*

JOHN A. BRYSON
*Attorney*

*Department of Justice*
*Washington, D.C. 20530-0001*
*(202) 514-2217*

review filed in this case was premised on a contrary view of the law, the court of appeals correctly held that its prior judgment—which rested on the contrary premise as the foundation for its holding—barred petitioners' claims.

3. Petitioners also contend (Pet. 19-25) that the court of appeals erred in declining to exercise jurisdiction over the contract claims asserted in their complaint. They argue (Pet. 19) that "[w]hen Congress granted 'original and exclusive' jurisdiction to the courts of appeals [in 42 U.S.C. 10139(a)(1)], it divested any other court, including the United States Court of Federal Claims, of jurisdiction over any action under the NWPA, including actions for breach of the statutory contract alleged in the complaint." That argument is without merit.

In its order denying rehearing in *Northern States*, the court of appeals recognized that its jurisdiction under 42 U.S.C. 10139 does not extend to claims for breach of the Standard Contract. Pet. App. 22c-23c. The court explained that while the NWPA requires the inclusion of certain terms within the Standard Contract, the Act "does not itself require performance. Breach by the DOE does not violate a statutory duty; thus, our jurisdiction to hear allegations of failure to take an action required under the NWPA, see 42 U.S.C. § 1[0]139(a)(1)(B), does not provide a basis for a move-fuel order." *Id.* at 23c.[4]

[4] In the concluding paragraph of its order denying rehearing in *Northern States*, the court of appeals reiterated its understanding that its jurisdiction is limited to claims of NWPA violations and does not extend to disputes arising under the Standard Contract. Pet. App. 23c-24c. There is simply no basis for petitioners' contention (Pet. 20) that "in all ongoing proceedings, one issue remains unaddressed: whether the D.C. Circuit has 'original and exclusive'

The NWPA's judicial review provision vests the courts of appeals with "original and exclusive" jurisdiction over specified categories of suits (see 42 U.S.C. 10139(a)(1)(A)-(F)), not over every challenge to DOE's implementation of the nuclear waste program. Nothing in Section 10139 suggests that the courts of appeals are authorized to entertain contractual claims. Any ambiguity in Section 10139(a)(1) should be resolved, moreover, in light of the settled background rule that "[t]he sole remedy for an alleged breach of contract by the federal government is a claim for money damages, either in the United States Claims Court [now the Court of Federal Claims] under the Tucker Act, * * * or, if damages of no more than $10,000 are sought, in district court under the Little Tucker Act." *Sharp* v. *Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986) (Scalia, J.). Accord, *e.g.*, *Transohio Sav. Bank* v. *Director, OTS*, 967 F.2d 598, 609-610 (D.C. Cir. 1992); *Megapulse, Inc.* v. *Lewis*, 672 F.2d 959, 967 (D.C. Cir. 1982).[6]

Petitioners also contend (Pet. 21-25) that review of contract claims in the court of appeals is necessary in order to ensure that the NWPA is administered in the

---

jurisdiction over claims for breach of the statutory contract under 42 U.S.C. § 10139."

[6] If (as petitioners contend) suits for breach of the Standard Contract fall within the "original and exclusive" jurisdiction of the courts of appeals under 42 U.S.C. 10139(a), it necessarily follows that such actions may not be brought in the Court of Federal Claims. Because it is "a cardinal principle of statutory construction that repeals by implication are not favored," *Radzanower* v. *Touche Ross & Co.*, 426 U.S. 148, 154 (1976), Section 10139(a)—which contains no express reference to contract actions—should not be construed to divest the Court of Federal Claims of its jurisdiction over this category of contract suits against the federal government.

manner that Congress intended. In enacting the NWPA, however, Congress chose not to impose upon DOE a freestanding statutory obligation to accept SNF by a particular date. Rather, Congress directed DOE to enter into contracts containing specified provisions, see 42 U.S.C. 10222(a)(5), and expressly authorized DOE to establish additional contractual terms, 42 U.S.C. 10222(a)(6). In choosing that means of achieving the statutory objectives, Congress must be presumed to have intended that disputes regarding the precise nature of the parties' obligations, and the remedies for any breach thereof, would be resolved in the manner appropriate for contract claims.

## CONCLUSION

The petition for a writ of certiorari should be denied.

Respectfully submitted.

SETH P. WAXMAN
*Solicitor General*

LOIS J. SCHIFFER
*Assistant Attorney General*

JOHN A. BRYSON
*Attorney*

FEBRUARY 2000