NOTE: Pursuant to Fed. Cir. R. 47.6, this order
is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 786

PSEG NUCLEAR, L.L.C.
and PUBLIC SERVICE ELECTRIC AND GAS COMPANY,

Plaintiffs-Petitioners,

v.

UNITED STATES,

Defendant-Respondent.

ON PETITION FOR PERMISSION TO APPEAL

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

BRYSON, Circuit Judge.

ORDER

Florida Power and Light Company moves without opposition to have its name removed from the petition for permission to appeal. PSEG Nuclear, L.L.C., and Public Service Electric and Gas Company (collectively PSEG) move to have their petition for permission to appeal decided and for summary vacatur of the order of the United States Court of Federal Claims in which the court held that it lacked jurisdiction to hear the parties' breach of contract claims. The United States supports PSEG's petition for permission to appeal, but opposes the motion for summary vacatur. PSEG replies.

After dismissing the complaints in their case for lack of jurisdiction, the Court of Federal Claims certified the dismissal order as involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an

immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(2). Shortly after the certified order issued, the authoring Court of Federal Claims judge retired. The petitioners sought reconsideration of the certified order and their cases were assigned to four different judges. We held the petition for permission to appeal in abeyance pending resolution of the petitioners' motions for reconsideration. Three of the utility companies' motions for reconsideration were granted and the certified order they sought to appeal was vacated as it applied to them.* PSEG informs the court that its motion for reconsideration was denied. Thus, we now consider PSEG's petition for permission to appeal.

Sixty-five nuclear utilities brought nearly 60 cases in the Court of Federal Claims alleging breach of contract and Fifth Amendment takings arising from the failure by the Department of Energy (DOE) to begin removing the utilities' spent nuclear fuel by January 31, 1998, as contemplated by a "Standard Contract" between each utility and DOE. In the instant case, the Court of Federal Claims judge concluded that the court lacked jurisdiction to consider the breach of contract claims asserted by PSEG and the other three formerly named petitioners. The court held that jurisdiction resided instead in the regional courts of appeals.

PSEG and the United States assert that there are substantial differences of opinion concerning whether the Court of Federal Claims or the regional circuits have jurisdiction over these breach of contract cases. In Wisconsin Electric Power Co. v. Dep't of Energy, 211 F.3d 646 (D.C. Cir. 2000), the D.C. Circuit declared that it lacked jurisdiction over disputes arising out of an alleged breach of the Standard Contract, and

* Pursuant to their motions, those companies have been removed as petitioners from this petition for permission to appeal.

that the Court of Federal Claims was the proper forum. In addition, there is a conflict within the Court of Federal Claims on that issue, as evidenced by the conflicting rulings on the various motions for reconsideration of the certified order. The United States, while agreeing with PSEG that the Court of Federal Claims has jurisdiction over these types of cases, asserts that "we apparently differ regarding the basis and scope of that jurisdiction."

We conclude that the petition for permission to appeal should be granted. Many similar cases are pending in the Court of Federal Claims and a decision on the jurisdictional issue will resolve this threshold issue without further investment of resources by the Court of Federal Claims. We agree with the United States, however, that summary vacatur is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1) Florida Power's motion to have its name removed from the caption as a petitioner is granted. The revised official caption is reflected above.

(2) PSEG's petition for permission to appeal is granted.

(3) PSEG's motion for summary vacatur is denied.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 8/15/05

FOR THE COURT

AUG - 4 2005
Date

[signature]
William C. Bryson
Circuit Judge

cc: Alexander D. Tomaszczuk, Esq.
Harold D. Lester, Jr., Esq.

s16

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
AUG - 4 2005
JAN HORBALY
CLERK