# ATTACHMENT

**No. 04-0034C, into which has been consolidated No. 04-0036C**
**(Judge Christine O.C. Miller)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**DELMARVA POWER & LIGHT COMPANY,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)**

---

**Richard J. Conway**
**DICKSTEIN SHAPIRO LLP**
**1825 Eye Street, NW**
**Washington, DC 20006**
**Tel: (202) 420-2200**
**Fax: (202) 420-2201**

**Attorney for Plaintiffs**

**Of Counsel:**
**Bradley D. Wine**
**Nicholas W. Mattia, Jr.**
**Bernard F. Sheehan**
**Lisa M. Barbas**
**DICKSTEIN SHAPIRO LLP**
**1825 Eye Street, NW**
**Washington, DC 20006**

**Todd Goodman, Esq.**
**Assistant General Counsel**
**Conectiv**
**P. O. Box 231**
**Wilmington, DE 19899**

**January 31, 2007**

## TABLE OF CONTENTS

Page


TABLE OF AUTHORITIES ........ ii

BACKGROUND ........ 2

ARGUMENT ........ 4

I. WHEN DISTINCT ISSUES BETWEEN TWO CASES PREDOMINATE, CONSOLIDATION SHOULD BE DENIED ........ 4

II. PLAINTIFFS WOULD BE SEVERELY PREJUDICED BY CONSOLIDATION ........ 8

III. THE GOVERNMENT WILL NOT BE PREJUDICED IF CONSOLIDATION IS DENIED ........ 9

IV. THE GOVERNMENT'S REQUEST FOR A SUMMONS PURSUANT TO RCFC 14(a) AND A NOTICE PURSUANT TO RCFC 14(b) ALSO SHOULD BE DENIED ........ 10

V. TRANSFER OF THE PSEG MATTER TO YOUR HONOR IS ANOTHER OPTION, SHORT OF CONSOLIDATION, THAT WOULD AMELIORATE THE GOVERNMENT'S CONCERNS REGARDING DUPLICATIVE RECOVERIES ........ 12

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

Page

Cases:

*Applegate v. United States*, 35 Fed. Cl. 406 (1996)........ 7

*Atl. City Elec. Co. v. United States*, No. 04-0036C (Fed. Cl. Apr. 6, 2005)........ 9

*Boston Edison Co. v. United States*, No. 99-447C (Fed. Cl. filed July 12, 1999)........ 12

*Cavin v. United States*, 956 F.2d 1131 (Fed. Cir. 1992)........ 7

*Cont'l Bank & Trust Co. v. Ol. s. E. D. Platzer*, 304 F. Supp. 228 (S.D. Tex. 1969)........ 6

*Creppel v. United States*, 33 Fed. Cl. 590 (1995)........ 7

*Delmarva Power & Light Company v. United States*, No. 04-0034C (Fed. Cl., filed Apr. 6, 2005)........ 9

*Del-Rio Drilling Programs, Inc. v. United States*, 17 Ct. Cl. 844 (1989)........ 11

*Exelon Generation Co. LLC v. United States*, No. 04-102C (Fed. Cl. filed Jan. 28, 2004)........ 9, 10

*Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459 (E.D. Mich. 1985)........ 5

*Illinois v. United States*, 15 Cl. Ct. 399 (1988)........ 7

*Indiana Michigan Power Co. v. United States*, No. 04-5122 (Fed. Cir. Sept. 9, 2005)........ 5

*Molever v. Levenson*, 539 F.2d 996 (4th Cir. 1976)........ 6

*Phila. Suburban Corp. v. United States*, 211 Ct. Cl. 354 (1976)........ 11

*Prudential Ins. Co. of Am. v. Marine Nat'l Exch. Bank*, 55 F.R.D. 436 (E.D. Wis. 1972)........ 6

*PSEG Nuclear, L.L.C. & Pub. Serv. Elec. & Gas Co. v. United States*, No. 05-5162 (Fed. Cir. 2006)........ 4

*Pub. Water Supply Dist. No. 3 v. United States*, 135 F. Supp. 887 (Ct. Cl. 1955)........ 7

*Shump v. Balka*, 574 F.2d 1341 (10th Cir. 1978)........ 6

*Smith v. United States*, 28 Fed. Cl. 430 (1993)........ 7

*Sys. Fuels, Inc. v. United States*, No. 03-2623C (Fed. Cl. filed Apr. 20, 2005)........ 7

*United States v. Dow*, 357 U.S. 17 (1958)........ 7

*Uram v. United States*, 216 Ct. Cl. 418 (1978)........ 11

*Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl. filed Jan. 30, 2004)........ 5

Statutes:

31 U.S.C. § 3727........ 10

Federal Rules:

R. Ct. Fed. Cl. 14........ 2, 11, 12

R. Ct. Fed. Cl. 14(a)........ 1, 2, 10, 13

R. Ct. Fed. Cl. 14(b) .......... 1, 2, 10, 13

Other Authorities:

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 .......... 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DELMARVA POWER & LIGHT COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-0034C, into which has been consolidated No. 04-0036C (Judge Christine Miller) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b)**

Plaintiffs Delmarva Power & Light Company ("Delmarva") and Atlantic City Electric Company ("Atlantic") (collectively, "Plaintiffs") submit this response in opposition to the Government's Motion to Consolidate or, in the Alternative, for Issuance of a Summons Pursuant to RCFC 14(a) and Notice Pursuant to RCFC 14(b) ("Motion to Consolidate"), which seeks to consolidate this case with PSEG Nuclear, L.L.C. and Public Service Electric and Gas Company v. United States, No. 01-551C (Fed. Cl.) ("PSEG"). As a general matter Plaintiffs oppose consolidation of their case with PSEG because significantly different legal theories are involved. In particular, consolidation would force Plaintiffs to litigate complex issues that have no bearing on the merits of their case – issues that are dependant on events that have not yet occurred and may not occur for years to come (if ever), forcing litigation at much greater (and unnecessary) expense. Although the cases share some basic underlying facts, nearly all significant legal and factual issues are unique. Consolidation would lead to unnecessary confusion and delay, and would waste judicial resources, not preserve them.

Underscoring the different legal issues in these cases, Plaintiffs' and PSEG's cases are in significantly different procedural postures. There are several motions pending in *PSEG* that are inapplicable and otherwise irrelevant to Plaintiffs' pending action. Consolidating these

Case 1:04-cv-00651-CM Document 10-2 Filed 01/31/2007 Page 6 of 18

cases would not only place an undue burden on Plaintiffs to litigate these issues, but would also delay the already protracted schedule in Plaintiffs' case. Additionally, there is at least one motion pending in *PSEG* that has particular relevance to Plaintiffs' case, but which Plaintiffs have not had the opportunity to brief. While Plaintiffs have faced some delays stemming from discovery, Plaintiffs' experts are nearing completion of their expert reports. In sharp contrast, given the appeal in their case, PSEG remains in the nascent stages of discovery. As Plaintiffs' case is significantly further along in its development, consolidation would require considerable delay of the present schedule, thereby unduly prejudicing Plaintiffs.

The Government's request for the issuance of a summons pursuant to RCFC 14(a) and notice pursuant to RCFC 14(b) should also be denied. The Government's present use of Rule 14 is nothing more than an indirect attempt to achieve consolidation through an improper use of the Court's joinder rules. The joinder of parties pursuant to RCFC 14 is appropriate when a plaintiff or the Government seek to join a party that is not already before the Court. That is simply not the case with respect to Plaintiffs and PSEG. Accordingly, Plaintiffs respectfully request that the Court deny the Government's Motion with respect to RCFC 14(a) and (b) as well.

## BACKGROUND

On January 13, 2004, Plaintiffs filed separate Complaints against the United States, acting by and through the United States Department of Energy, with this Court. The Delmarva case was assigned to this Court immediately upon filing. Atlantic's case, however, was originally before Judge Bodhan Futey. Pursuant to RCFC 40.1(c), and for the efficient administration of justice, Chief Judge Edward J. Damich directed that the Atlantic case be reassigned to Judge George W. Miller on September 21, 2004. On May 12, 2004, the Government filed a Motion to Dismiss Atlantic's takings claim. Prior to the ruling on the



2207220.01

Motion to Dismiss, Atlantic filed a First Amended Complaint asserting, as a protective measure, breach of contract claims which the Government had asserted could not be transferred as a matter of law. On January 11, 2005, Judge George Miller denied the Government's Motion to Dismiss, which by agreement of the parties had been treated as directed to the taking claim only in Atlantic's First Amended Complaint. Subsequently and by separate order, Judge George Miller transferred the Atlantic matter to this Court, and on January 21, 2005, the Atlantic case was consolidated with Delmarva for further proceedings.

The Government moved to dismiss Delmarva' claims on May 12, 2004, and then, pursuant to the Court's December 3, 2004 Order, moved for summary judgment on the then consolidated Plaintiffs' First Amended Complaints on April 28, 2005. On July 1, 2005, this Court denied Defendant's Motion on all counts. Since July 1, 2005, Plaintiffs have been engaged in extensive discovery with both the Government and third parties, including PSEG. While Plaintiffs are still in the process of seeking additional documentation to support their expert reports, those reports are nearing completion.

In contrast to Plaintiffs' cases, which have largely been before this Court since the inception of the litigation, PSEG's case has been before several Judges, including an appeal to the United States Court of Appeals for the Federal Circuit. On September 26, 2001, PSEG Nuclear, LLC filed its Complaint, and was assigned to Judge Turner. Your Honor was assigned as the ADR Judge.

Several motions were filed in the PSEG case in the 2001 and 2002 timeframe. These motions included a motion to dismiss filed by the Government, a motion for partial summary judgment on liability filed by PSEG Nuclear, L.L.C., motions for partial summary judgment related to the rate of spent nuclear fuel acceptance filed by the Government, and the acceptance of Greater Than Class C waste ("GTCC"). These motions remain undecided in the *PSEG* case.



2207220.01

The case remained with Judge Turner until July 24, 2002, when the case was reassigned to Judge Sypolt. Several dispositive motions were filed before Judge Sypolt. The case was eventually stayed on April 16, 2003. On December 23, 2003, PSEG Nuclear, LLC filed a Motion for Leave to Lift Stay to File First Amended Complaint which added Public Service Electric and Gas Company, its predecessor-in-interest, which was granted on January 6, 2004. On January 30, 2004, Chief Judge Damich denied Defendant's pending and previous motions to consolidate the spent nuclear fuel cases, and lifted the April 16, 2003 stay.

With the stay lifted, on October 14, 2004, Judge Sypolt issued an Order to Show Cause why several cases then pending before the Court should not be dismissed for lack of jurisdiction or transferred to the D.C. Circuit. The parties briefed the jurisdictional matter, and Judge Sypolt dismissed PSEG's breach of contract claims for lack of jurisdiction and certified the opinion for interlocutory appeal to the Federal Circuit on January 31, 2005. PSEG's case was later reassigned to Judge Futey, who denied PSEG's Motion for Reconsideration of Judge Sypolt's Order dismissing the case on April 22, 2005. PSEG's case was stayed on June 1, 2005 pending appeal to the Federal Circuit. On September 29, 2006, the Federal Circuit reversed Judge Sypolt's and Judge Futey's Orders and determined that the United States Court of Federal Claims has jurisdiction under the Tucker Act to hear PSEG's breach of contract claims. *PSEG Nuclear, L.L.C. & Pub. Serv. Elec. & Gas Co. v. United States*, No. 05-5162 (Fed. Cir. 2006). The Federal Circuit remanded the case to the Court of Federal Claims on November 20, 2006. In short, Judge Futey has actively presided over the PSEG matter for less than seven months.

## ARGUMENT

### I. WHEN DISTINCT ISSUES BETWEEN TWO CASES PREDOMINATE, CONSOLIDATION SHOULD BE DENIED

While the standard contracts in all the SNF cases are virtually identical, this fact alone does not support or justify consolidation. Indeed, if it did, the Government would have

been successful in its multiple failed attempts to consolidate all SNF cases.[1] Likewise, with respect to Plaintiffs and PSEG, the factual overlap between the two cases (*i.e.*, the contract and the subject nuclear plants) is vastly outweighed by the myriad of issues distinguishing the cases.

Plaintiffs' injuries arising from the Government's acts and omissions were fixed and can be readily determined as a result of the sale of Plaintiffs' property interests in 2000 and 2001. In contrast, PSEG's claims are in line with those in other SNF cases brought by current nuclear plant owner/operators saddled with ongoing SNF custody and management responsibilities. For the most part, PSEG's damages are unliquidated and dependent on mostly future events (*i.e.*, interim onsite storage costs) pursuant to the Federal Circuit's holding in *Indiana Michigan*. *Indiana Michigan Power Co. v. United States*, No. 04-5122 (Fed. Cir. Sept. 9, 2005). Cases involving the same nuclear facility necessarily become quite different over different time periods due to such complex factors as the changing circumstances of DOE's communications with Standard Contract holders, the status of its waste program, court rulings as to permissible uses of the Nuclear Waste Fund, the Nuclear Regulatory Commission licensing status of the nuclear facility, and the remaining space available in the nuclear facility's spent fuel pool.

When determining whether to consolidate particular cases, the threshold inquiry is whether common questions of law or fact exist that warrant consolidation of the actions. *See Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 460 (E.D. Mich. 1985) (where the court denied defendant's motion to consolidate because cases involved predominantly individual issues). When cases involve some common issues, but individual legal and/or factual issues predominate, consolidation also should be denied. *See Shump v. Balka,* 574 F.2d 1341 (10th Cir. 1978) (court denied motions for consolidation because parties sought different types of damages); *see also*

---

[1] Chief Judge Damich has already denied consolidation of SNF cases based on the rationale that the Government intends to raise the same defenses in different cases, rejecting the Government's argument that multiple proceedings create a potential for variant rulings. *See, e.g., Yankee Atomic Elec. Co. v. United States*, No. 98-126C (Fed. Cl. filed Jan. 30, 2004).

*Molever v. Levenson*, 539 F.2d 996 (4th Cir. 1976) (court reversed the lower court's decision to consolidate because the claims stated four separate causes of action). Consolidation is not justified nor required simply because the actions include some common questions of fact or law. *See Prudential Ins. Co. of Am. v. Marine Nat'l Exch. Bank*, 55 F.R.D. 436, 437 (E.D. Wis. 1972) (denying defendant's motion for consolidation, the court observed that "the fact that a common question of law exists does not alone justify consolidation in the absence of other factors which would promote 'trial convenience and economy in administration.'"); *see also Cont'l Bank & Trust Co. v. Ol. s. E. D. Platzer*, 304 F. Supp. 228, 229 (S.D. Tex. 1969) (holding the mere presence of a common question of law or fact does not require consolidation); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383, at 439-40 (same).

The Government has failed to put forward a compelling basis for consolidation of the present cases. Indeed, the significant factual and legal distinctions between Plaintiffs' and PSEG's cases vastly outweigh the similarities. The cases cited in the Motion to Consolidate speak only to consolidation in instances where substantially identical facts are involved. They do not suggest that cases with as few substantive legal similarities as Plaintiffs and PSEG should be consolidated.

As a seller of a nuclear facility, Plaintiffs' injuries are readily ascertainable as of the closing date of the sales transaction. Plaintiffs' breach damages include a claim for diminished value that is generally the difference between the value Plaintiffs received when it assigned its rights under the Standard Contract and its other nuclear assets, as distinguished from what it would have received had the DOE adhered to its statutory and contractual obligations. By contrast, PSEG, as a current owner of Salem and Hope Creek, is necessarily dealing with ongoing issues linked to DOE's actual future performance, its future mitigation costs, and associated damages resulting from DOE's breach.

Because Plaintiffs' are not existing contract holders, their case will involve much different proofs than PSEG's case. Since Plaintiffs divested their nuclear assets, they are not concerned with (and do not seek damages based upon) DOE's actual future performance. There also need not be any concern as to an overlap between the two cases regarding the issue of Greater than Class C Waste ("GTCC"), which is irrelevant to Plaintiffs' claims.

Moreover, Plaintiffs' takings claim provides an additional reason to reject consolidation. To establish a prohibited taking, a claimant must demonstrate that it was the owner of property and that some portion of the property was taken for a public purpose. *Pub. Water Supply Dist. No. 3 v. United States*, 135 F. Supp. 887, 890 (Ct. Cl. 1955). Further, Plaintiffs, as the owners of the property at the time of the taking, retained as a matter of law the right to bring a claim for an uncompensated taking in violation of the Fifth Amendment to the Constitution. *Id.* (to establish prohibited taking, claimant must demonstrate that it was owner of property and that some portion of property was taken for public purpose); *see also United States v. Dow*, 357 U.S. 17, 20 (1958) (Assignment of Claims Act prohibits voluntary transfer of takings claims); *Sys. Fuels, Inc. v. United States*, No. 03-2623C, slip op. and order at 8 (Fed. Cl., Apr. 20, 2005) (citing *Cavin v. United States*, 956 F.2d 1131, 1135 (Fed. Cir. 1992)); *Applegate v. United States*, 35 Fed. Cl. 406, 419 (1996) (same); *Smith v. United States*, 28 Fed. Cl. 430, 436 (1993), *Illinois v. United States*, 15 Cl. Ct. 399, 410 (1988) ("For a party to allege that its property right has been taken, it must have owned the property a the time that the alleged taking occurred."); *Creppel v. United States*, 33 Fed. Cl. 590, 599-600 (1995) (same). In short, these claims are personal to Plaintiffs and not transferable. 31 U.S.C. § 3727. As such, there are no "overlapping" or "common" issues between the claims being asserted by Plaintiffs and PSEG.



2207220.01

## II. PLAINTIFFS WOULD BE SEVERELY PREJUDICED BY CONSOLIDATION

Contrary to the Government's assertions, consolidation of Plaintiffs' and PSEG's cases would severely prejudice Plaintiffs. In addition to the motions currently pending in the PSEG case that are either irrelevant to Plaintiffs' case, or which focus on issues Plaintiffs have not had the opportunity to brief, Plaintiffs' case has developed in discovery, with expert reports nearing completion, while PSEG's case has been largely stayed while on appeal.

As the Government suggests, the PSEG docket currently has pending motions including a motion to dismiss PSEG's takings claim, a motion for summary judgment regarding liability, and motions regarding the rate of acceptance and the acceptance of GTCC radioactive waste. Motion at 12. For those motions which are irrelevant to Plaintiffs' case (*i.e.* dispositive motions and motions regarding GTCC), consolidation would necessarily result in the delay of Plaintiffs' case. With respect to other pending motions which are relevant to the Plaintiffs' claims (*i.e.* the motion regarding the proper rate of acceptance under the Standard Contract), Plaintiffs have not been afforded the opportunity to brief those issues and would require leave to do so before further consideration of the motions should be permitted. Such motions are of particular concern because, as the Government suggests, if this Court decides those pending motions and consolidates these cases, the Court's rulings would"apply equally to all plaintiffs" and would therefore, prejudice Plaintiffs as they have not yet had the opportunity to be heard on those issues. *See* Motion at 13.

Consolidation would also severely prejudice Plaintiffs as a result of the extended delays likely to result from the protracted discovery process upon which PSEG has yet to embark. To be certain, PSEG is in the earliest stages of the discovery process. Accordingly, consolidation would either require PSEG to take discovery on an expedited basis, or require Plaintiffs to unduly delay the further development of their case.

## III. THE GOVERNMENT WILL NOT BE PREJUDICED IF CONSOLIDATION IS DENIED

While the Government has argued that consolidation is necessary to avoid the possibility of inconsistent judgments, steps can be taken short of consolidation to address the Government's concerns. For example, trying Plaintiffs' (and other sellers' claims) before addressing PSEG's claims would permit the Court to consider the merits of Plaintiffs' arguments while mitigating the Government's concerns of inconsistent outcomes. The Government's own arguments from a prior motion support the same:

> If, in fact, plaintiff is entitled to recover its 'diminished value' damages from the United States, it appears that the United States should, as part of any judgment in favor of [buyer] in [buyer's] lawsuit . . . be entitled to account for the reduced price that PSEG paid in that sale. . . . to eliminate the possibility that the United States could be found liable to two different sets of plaintiffs for the same damages.

Defendant's Motion for Leave to Defer Seeking Joinder of Third Parties at 1-2, *Atl. City Elec. Co. v. United States*, No. 04-0036C, (Fed. Cl. filed Apr. 6, 2005); *Delmarva Power & Light Co. v. United States*, No. 04-0034C (Fed. Cl. filed Apr. 6, 2005). The ordering of sellers' and buyers' claims, *not consolidation*, is the most appropriate mechanism for addressing the Government's concerns. As such, the Government cannot credibly assert in this proceeding that consolidation is the only mechanism to avoid duplicative recovery.

The consolidation urged by the Government here is particularly remarkable given its actions in *Exelon Generation Co. LLC v. United States*, No. 04-102C (Fed. Cl. filed Jan. 28, 2004). The Government asserts here that absent consolidation, the Government would "risk the possibility of inconsistent judgments based upon two cases that share the same factual predicate and the same legal issues." Motion at 14. According to the Government, double recovery might occur because the post-breach assignee of the Salem and Hope Creek Standard Contracts may have received compensation from Plaintiffs in the form of a reduced purchase price. Motion at

7-8. From all this, the Government contends that "double liability" is imminent without consolidation. Motion at 8.

The Government's concerns, however, neither triggered an effort to consolidate, nor adversely affected or frustrated the August 5, 2004 settlement of *Exelon* and related cases. Among the claims settled by the Government in *Exelon* are assertions of damages associated with dry cask storage costs at the Peach Bottom nuclear plant acquired in part by Exelon in October 2000. *Exelon* was brought subsequent to cases initiated by Plaintiffs, utilities that until 2000 and 2001 (several years after the Government's failure to dispose of SNF) had ownership interests in the Peach Bottom nuclear plants. Despite the Government's knowledge of Plaintiffs' pending cases, the settlement provides Exelon with $54,218,880 toward claims related to the Peach Bottom plant and the opportunity to recover an additional tens of millions of dollars in future damages resulting from the Government's failure to perform.

In short, the Government was able to settle its liability with *Exelon* without consolidating that matter with Plaintiffs, despite the pendency of Plaintiffs' claims involving the same nuclear facility – Peach Bottom. It is thus particularly disingenuous for the Government to suggest here that consolidation should be required for Plaintiffs' and PSEG's claims when it chose not to hold itself to a similar standard with respect to Exelon.

## IV. THE GOVERNMENT'S REQUEST FOR A SUMMONS PURSUANT TO RCFC 14(A) AND A NOTICE PURSUANT TO RCFC 14(B) ALSO SHOULD BE DENIED

The Court should also deny the Government's request for a summons pursuant to RCFC 14(a) [2] and a notice pursuant to RCFC 14(b). The Government's request is nothing more

[2] By its own admission, the Government's request is premature at best. RCFC 14(a)(2) requires that:

than the misuse of the Rules pertaining to joinder in a back-door attempt to consolidate PSEG and Plaintiffs' cases. Research to date by Plaintiffs' have been unable to identify a *single* case where the Court invoked RCFC 14 to join two litigants concurrently pursuing claims in separate lawsuits. The cases cited by the Government certainly do not apply RCFC 14 to concurrent litigants. In fact, in each of the cases cited by the Government, a third party that was not involved in any litigation surrounding the incident in question was joined in the underlying litigation in an effort to protect either the interests of the Government or the plaintiff. *See Del-Rio Drilling Programs, Inc. v. United States*, 17 Ct. Cl. 844 (1989) (effort to join third parties with interests in federal oil and gas leases); *Phila. Suburban Corp. v. United States*, 211 Ct. Cl. 354 (1976) (effort to join oil company that may have had a contractual relationship with the plaintiff); *Uram v. United States*, 216 Ct. Cl. 418 (1978) (effort to join a film distribution company that provided copyrighted material to the Government).

In the present case, however, both Plaintiffs and PSEG are already plaintiffs in litigation against the Government. All plaintiffs are aware of their potential interests and have asserted claims against the Government to protect those interests. For the reasons stated above, consolidation is improper and adequate safeguards exist to protect the Government from having to pay inconsistent recoveries (*i.e.*, allowing Plaintiffs' claims to proceed before PSEG's). The Government should not be allowed to have another bite at the proverbial "consolidation apple" through the misuse of RCFC 14. To be sure, the reasons the Government has articulated to

---

> The motion for a summons shall be accompanied by an appropriate pleading setting forth the claim or contingent claim which it is asserting against such third person.

The Government recognizes that its RCFC 14(a) request is deficient when, in Footnote 11, it acknowledges that it has not drafted a proper pleading because a ruling to grant consolidation would eliminate the need for such a pleading. The Government's desire to avoid unnecessary work does not mean the Court should grant the Government's request. The lack of a proper pleading leaves Plaintiffs without a claim to which it can respond. As such, the Court should deny the Government's request.

justify joinder are merely recycled arguments made earlier in its Motion to Consolidate. The Court should reject those arguments in the context of RCFC 14 just as it should reject them in the context of consolidation.

## V. TRANSFER OF THE PSEG MATTER TO YOUR HONOR IS ANOTHER OPTION, SHORT OF CONSOLIDATION, THAT WOULD AMELIORATE THE GOVERNMENT'S CONCERNS REGARDING DUPLICATIVE RECOVERIES

Rather than consolidate two legally and factually distinct cases with disparate discovery schedules, another option available to the Court would be to transfer PSEG's case to this Court, and proceed with the present schedule such that Plaintiffs' case proceeds to trial first, followed by PSEG's case. Having these two cases before the same Judge should both alleviate the Government's concerns of inconsistent theories, and allow Plaintiffs' and PSEG's cases to proceed at a natural pace and logical order. Moreover, judicial efficiency resulting from Your Honor's knowledge of the complex issues in these cases weighs in favor of Plaintiffs' case remaining before Your Honor.

Alternatively, in so far as the Court is inclined to grant consolidation, Plaintiffs request that the cases remain before your Honor and that consolidation be allowed only for a limited purpose. For example, the Court could fashion consolidation in a manner that would allow limited coordinated discovery, but permit Plaintiffs and PSEG to proceed to trial separately. Such an approach would promote efficiency in the discovery process, permit all parties to retain autonomy over their cases, and allow the Court to address the Government's concerns regarding duplicative recoveries. Judge Lettow in the *Boston Edison* case has taken a similar approach to an identical request for consolidation by the Government. *Boston Edison Co. v. United States*, No. 99-447C (Fed. Cl. filed July 12, 1999).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny the Government's Motion to Consolidate or, in the Alternative, for Issuance of a Summons Pursuant to RCFC 14(a) and Notice Pursuant to RCFC 14(b). To the extent the Court is inclined to grant the Government's Motion, Plaintiffs respectfully request that consolidation only be allowed for a limited purpose as articulated herein.

Date: January 31, 2007

Respectfully submitted,

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

*Counsel of Record for*
*Delmarva Power & Light Company and Atlantic City Electric Company*

Of Counsel:

Bradley D. Wine
Nicholas W. Mattia, Jr.
Bernard F. Sheehan
Lisa M. Barbas
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C. 20006
(202) 420-2200

Todd Goodman, Esq.
Assistant General Counsel
Conectiv
P. O. Box 231
Wilmington, DE 19899

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that on January 31, 2007, a copy of the foregoing “Plaintiffs’ Response To Defendant’s Motion To Consolidate Or, In The Alternative, For Issuance Of A Summons Pursuant To RCFC 14(a) And Notice Pursuant To RCFC 14(b)” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system. A courtesy copy was also sent to Chambers pursuant to the Court’s Order dated February 9, 2004.

/s/ Bradley Wine

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th of February 2007, a copy of foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE A COPY OF "PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A SUMMONS PURSUANT TO RCFC 14(a) AND NOTICE PURSUANT TO RCFC 14(b) FROM *DELMARVA POWER AND LIGHT COMPANY v. UNITED STATES*, Nos. 04-34C, 04-36C (Fed. Cl.)" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s\Stephen Finn